IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| DELAWARE STATE UNIVERSITY STUDENT HOUSING FOUNDATION, a Delaware corporation, | ) ) ) | C.A. No. 07-610 (JJF) |
| Plaintiff, | ) ) ) | |
| v. | ) ) | |
| AMBLING MANAGEMENT COMPANY, | ) ) ) | |
| Defendant. | ) | |

## ANSWER TO COUNTERCLAIM

Plaintiff Delaware State University Student Housing Foundation ("the Foundation") hereby responds to the Counterclaim filed by Defendant Ambling Management Company ("Ambling") in the above captioned matter as follows:

1. The Foundation admits the allegations contained in this paragraph.

2. The Foundation admits the allegations contained in this paragraph.

3. The allegations contained in this paragraph contain conclusions of law to which no responsive pleading is required.

4. The allegations contained in this paragraph contain conclusions of law to which no responsive pleading is required.

5. The allegations contained in this paragraph contain conclusions of law to which no responsive pleading is required.

## FACTUAL BACKGROUND

6. The Foundation is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

7.  The allegations contained in this paragraph are denied as stated.

8.  The allegations contained in this paragraph are denied as stated.

9.  The allegations contained in this paragraph are denied as stated.

10. The Foundation admits the allegations contained in this paragraph.

11. The Foundation admits the allegations contained in this paragraph.

12. The Foundation denies the allegations contained in this paragraph.

13. The Foundation admits the allegations contained in this paragraph.

14. The Foundation admits the allegations contained in this paragraph.

15. The allegations contained in this paragraph are denied as stated.  By way of further response, the Foundation states that the Management Agreement speaks for itself.

16. The Foundation denies the allegations contained in this paragraph.

17. The Foundation denies the allegations contained in this paragraph.

18. The Foundation admits the allegations contained in this paragraph.

19. The Foundation denies the allegations contained in this paragraph.

20. The allegations contained in this paragraph are denied as stated.

21. The Foundation denies the allegations contained in this paragraph.

22. The allegations contained in this paragraph are denied as stated.

23. The Foundation denies the allegations contained in this paragraph.

24. The Foundation denies the allegations contained in this paragraph.

25. The allegations contained in this paragraph are denied as stated.

26. The Foundation denies the allegations contained in this paragraph.

27. The Foundation denies the allegations contained in this paragraph.

28. The allegations contained in this paragraph are denied as stated. By way of further response, the Foundation states that the letter attached as Exhibit A speaks for itself.

29. The allegations contained in this paragraph are denied as stated. By way of further response, the Foundation states that the letter attached as Exhibit A speaks for itself.

30. The allegations contained in this paragraph are denied as stated. By way of further response, the Foundation states that the letter attached as Exhibit A speaks for itself.

31. The allegations contained in this paragraph are denied as stated. By way of further response, the Foundation states that the letter attached as Exhibit B speaks for itself.

32. The allegations contained in this paragraph are denied as stated. By way of further response, the Foundation states that the letter attached as Exhibit B speaks for itself.

33. The Foundation denies the allegations contained in this paragraph.

34. The Foundation denies the allegations contained in this paragraph.

35. The Foundation denies the allegations contained in this paragraph.

36. The Foundation denies the allegations contained in this paragraph.

37. The Foundation denies the allegations contained in this paragraph.

38. The Foundation denies the allegations contained in this paragraph.

39. The Foundation denies the allegations contained in this paragraph.

40. The Foundation denies that it made the referenced comments. The Foundation is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations of this paragraph.

41. The Foundation denies the allegations contained in this paragraph.

42. The allegations contained in this paragraph are denied as stated. By way of further response, the Foundation states that the letter attached as Exhibit C speaks for itself.

43. The allegations contained in this paragraph are denied as stated.

44. The allegations contained in this paragraph are denied as stated.

45. The Foundation denies the allegations contained in this paragraph.

46. The allegations contained in this paragraph are denied as stated. By way of further response, the Foundation states that the letter attached as Exhibit D speaks for itself.

47. The Foundation denies the allegations contained in this paragraph.

48. The Foundation denies the allegations contained in this paragraph.

49. The Foundation denies the allegations contained in this paragraph.

50. The allegations contained in this paragraph are denied as stated. By way of further response, the Foundation states that the letter attached as Exhibit E speaks for itself.

51. The allegations contained in this paragraph are denied as stated. By way of further response, the Foundation states that the letter attached as Exhibit F speaks for itself.

52. The allegations contained in this paragraph are denied as stated. By way of further response, the Foundation states that the letter attached as Exhibit G speaks for itself.

53. The Foundation denies the allegations contained in this paragraph.

54. The allegations contained in this paragraph are denied as stated. By way of further response, the Foundation states that the letter attached as Exhibit H speaks for itself.

55. The allegations contained in this paragraph are denied as stated. By way of further response, the Foundation states that the letter attached as Exhibit I speaks for itself.

56. The allegations contained in this paragraph are denied as stated. By way of further response, the Foundation states that the letter attached as Exhibit J speaks for itself.

57. The Foundation denies the allegations contained in this paragraph.

58. The Foundation denies the allegations contained in this paragraph.

59. The allegations contained in this paragraph are denied as stated. By way of further response, the Foundation states that the letter attached as Exhibit K speaks for itself.

60. The allegations contained in this paragraph are denied as stated. By way of further response, the Foundation states that the Management Agreement speaks for itself.

61. The allegations contained in this paragraph are denied as stated. By way of further response, the Foundation states that the letter attached as Exhibit K speaks for itself.

62. The Foundation denies the allegations contained in this paragraph.

63. The allegations contained in this paragraph are denied as stated. By way of further response, the Foundation states that the letter attached as Exhibit L speaks for itself.

64. The Foundation denies the allegations contained in this paragraph.

65. The Foundation denies the allegations contained in this paragraph.

66. The Foundation denies the allegations contained in this paragraph.

67. The Foundation denies the allegations contained in this paragraph.

68. The Foundation denies the allegations contained in this paragraph.

## COUNT I

69. The Foundation incorporates herein its responses to paragraphs 1 through 68.

70. The Foundation denies the allegations contained in this paragraph.

71. The Foundation denies the allegations contained in this paragraph.

72. The Foundation denies the allegations contained in this paragraph.

73. The Foundation denies the allegations contained in this paragraph.

74. The Foundation denies the allegations contained in this paragraph.

75. The Foundation denies the allegations contained in this paragraph.

76. The Foundation denies the allegations contained in this paragraph.

77. The Foundation denies the allegations contained in this paragraph.

## COUNT II

78. The Foundation incorporates herein its responses to paragraphs 1 through 77.

79. The Foundation denies the allegations contained in this paragraph.

80. The Foundation denies the allegations contained in this paragraph.

81. The Foundation denies the allegations contained in this paragraph.

82. The Foundation denies the allegations contained in this paragraph.

83. The Foundation denies the allegations contained in this paragraph.

84. The Foundation denies the allegations contained in this paragraph.

85. The Foundation denies the allegations contained in this paragraph.

86. The Foundation denies the allegations contained in this paragraph.

### FIRST AFFIRMATIVE DEFENSE

Defendant/Counterclaim Plaintiff fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Defendant/Counterclaim Plaintiff's claims are contrary to the express terms of the contracts between the parties and should be dismissed.

### THIRD AFFIRMATIVE DEFENSE

Defendant/Counterclaim Plaintiff's claims are barred by the doctrines of waiver, acquiescence and estoppel.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff at all times acted entirely properly and consistent with the terms of the parties' contracts.

**FIFTH AFFIRMATIVE DEFENSE**

Expressly denying any wrongdoing on its part and expressly denying that Ambling has been damaged as alleged, the Foundation asserts that Ambling has failed to mitigate any damages it claims to have suffered.

**SIXTH AFFIRMATIVE DEFENSE**

Expressly denying any wrongdoing on its part and expressly denying that Ambling has been damaged as alleged, the Foundation asserts that Ambling is not entitled to recover attorneys' fees, expenses or costs.

WHEREFORE, Plaintiff Delaware State University Student Housing Foundation respectfully requests that this Court enter judgment in its favor, and against Ambling, as follows:

(a) Dismissing the counterclaim with prejudice;

(b) Awarding it costs and attorneys fees; and

(c) Granting such other and further relief as the Court deems just and proper.

Respectfully submitted,

POTTER ANDERSON & CORROON LLP

By: /s/ Sarah E. DiLuzio
Kathleen Furey McDonough (I.D. #2395)
Sarah E. DiLuzio (I.D. # 4085)
Hercules Plaza, 6th Floor
1313 N. Market Street
P.O. Box 951
Wilmington, Delaware 19801
Telephone: (302) 984-6000

Attorneys for Plaintiff Delaware State
University Student Housing Foundation

Dated: November 13, 2007
828341

7

## CERTIFICATE OF SERVICE

I, Sarah E. DiLuzio, hereby certify that on November 13, 2007, the attached document was electronically filed with the Clerk of the Court using CM/ECF which will send notification of such filing(s) to the following and the document is available for viewing and downloading from CM/ECF:

>Anna Martina Linnea Tyreus
>Womble Carlyle Sandridge Rice
>222 Delaware Avenue
>Suite 1501
>Wilmington, DE  19801

>By: /s/ Sarah E. DiLuzio
>Sarah E. DiLuzio (I.D. # 4085)
>Hercules Plaza, 6th Floor
>1313 N. Market Street
>P.O. Box 951
>Wilmington, Delaware  19801
>Telephone: (302) 984-6279
>sdiluzio@potteranderson.com