IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DELAWARE STATE UNIVERSITY STUDENT HOUSING FOUNDATION, a Delaware Corporation, </br></br>   Plaintiff, </br></br> v. </br></br> AMBLING MANAGEMENT COMPANY, </br></br>   Defendant. | ) </br> ) </br> ) </br> ) </br> ) </br> )   C.A. NO. 07-610 </br> ) </br> ) </br> ) </br> ) </br> ) </br> ) |

### AGREED PROTECTIVE ORDER

Plaintiff DELAWARE STATE UNIVERSITY STATE HOUSING FOUNDATION and Defendant AMBLING MANAGEMENT COMPANY, by and through their counsel of record, hereby stipulate to entry of the Protective Order Regarding Confidentiality below.

Pursuant to Fed. R. Civ. P. 26(c) and for good cause shown, the Court orders as follows:

1. This Protective Order (the "Order") governs all documents, interrogatory responses, responses to requests for admissions, and deposition testimony given by any party or third party in the course of this litigation (hereafter, "Discovery"). Any attorney of record may designate as "CONFIDENTIAL" any non-public, competitively sensitive or proprietary Discovery. Any receiving party has the right to challenge any designation pursuant to paragraph 6 below.

2. The producing party shall include the "Confidential" designation on all documents, including interrogatory responses and responses to requests for admissions, claimed to be sensitive or proprietary at the time they are sent to counsel of record; provided, however, that all documents shall be deemed temporarily subject to this Agreement as if marked "Confidential" for five business days from such delivery to permit the producing party to correct

WCSR 3825295v1                                        1

any inadvertent failure to so mark delivered documents. Stamping the Confidential designation on a cover of any multi-page document shall designate all pages of the document as Confidential, unless otherwise indicated by the producing party. Similarly, stamping the Confidential designation on a physical medium used to produce electronic documents, data, or information, (such as a CD or DVD) shall designate all documents, data, or information contained thereon as Confidential, unless otherwise indicated by the producing party. In the case of documents produced by another party, the non-producing party shall notify all counsel of record in writing within five business days after receipt of the specific documents to be so designated by the non-producing party. In the case of deposition testimony, any party may designate testimony by any witness at the time of the deposition or by written notice to all counsel of record within five business days after receipt of the written transcript. During the five business day periods described above, the documents and deposition transcript(s) received shall be treated as Confidential absent an agreement by counsel for all Parties and, in the case of testimony by a third party, counsel for that party to the contrary placed in writing or on the record.

    3.    "Disclosure" and "disclosed" as used in this Order and the attached Exhibit B shall include, without limitation, allowing or failing to take reasonable steps to prevent: (a) visual inspection of a designated document (or any summary, description, abstract, or index thereof) by an individual not authorized under this Order; or (b) any communication disclosing the substance of a designated document or the specific terms detailed therein (or any summary, description, abstract, or index thereof) to an individual not authorized under this Order. The parties agree, however, that nothing herein shall prevent the parties' counsel from giving legal advice to their respective clients based on documents or information protected by this Order.

4.  Confidential Discovery may be disclosed by the receiving party only to the following persons:

(a)  The attorneys of record for the receiving party and others to whom the attorneys of record reasonably believe it necessary to show the documents for purposes of this litigation, including without limitation, employees of the attorneys, legal support service personnel and their employees, and independent experts and consultants and their employees; and the Court and Court personnel.

(b)  Persons to whom the documents were otherwise lawfully available outside of this litigation, such as third party authors or recipients;

(c)  The receiving party, including officers, directors and employees of the receiving party to whom attorneys for the receiving party believe it is necessary that the documents be shown for purposes of this litigation. Prior to receiving documents or information designated as Confidential Discovery, each representative shall sign an acknowledgment (attached as Exhibit A or Exhibit B) that such representative has read and agrees to abide by this Order;

(d)  Any witness during the course of testifying at a deposition or in court; and

(e)  Such other persons as are designated by written agreement by the producing party or pursuant to paragraphs 6 and 7 or by Court order.

5.  Confidential Discovery to be presented to the Court shall be labeled as such, as appropriate, and filed, if at all, after following the procedures set forth in paragraphs 6 or 7 below. Discovery not specially designated may be filed with the Court without such restrictions.

6.  In the event that a party (the "Requesting Party") objects to the application of the "Confidential" designation to certain documents or information, the Requesting Party may

challenge the designation by first submitting a written request to the party who designated the documents or information as "Confidential." The parties shall attempt to resolve any dispute over the application of the "Confidential" designation in good faith. If the attempts to resolve the dispute are unsuccessful, the Requesting Party shall have the burden of filing a motion with this Court to remove the designation. Such documents or information shall be treated as Confidential until the resolution of any timely filed motion.

7. If a party wishes to use any Confidential Discovery in any affidavits, briefs, memoranda of law, oral argument, or other papers filed in this Court in this litigation, such papers or transcript shall be filed under seal. However, no party is prohibited from seeking the other party's consent to remove the Confidential designation from documents that it may intend to file with the Court.

8. If any dispute is submitted to the Court pursuant to paragraph 6, then the documents or information will retain their initial designation until a ruling by the Court, and thereafter shall be classified in accordance with the Court's ruling. The Court shall make an independent determination as to whether any disputed information is to be protected from public disclosure, and this Order shall not alter the burden of proof as to this issue.

9. If a party believes there has been a violation of this Order, the party shall provide written notice of such belief to all other parties. The parties thereafter shall informally attempt to resolve the matter promptly, and the responding party shall have five business days after receipt of the alleged violation to investigate and respond to the assertion. If the parties are unable to resolve the issue, then the party asserting that a violation has occurred shall give notice of its intent to move the Court for relief and may file a motion within ten business days after service of such notice.

10. If material or other information designated as Confidential is disclosed to any person other than in the manner authorized by this Order, outside counsel and the party responsible for the disclosure must immediately upon learning of such disclosure inform the designating party in writing of all pertinent facts relating to such disclosure, and without prejudice to the rights and remedies of the designating party, make every effort to retrieve the improperly disclosed material and to prevent further unauthorized disclosure on its own part and further unauthorized use and disclosure on the part of the recipient of such information or material.

11. If material that is, or may reasonably be construed to be, subject to the attorney-client privilege, the work-product doctrine, or any other applicable privilege or doctrine ("Privileged Material") is produced by either party (the "Producing Party"), with or without a Confidential designation, such production shall be deemed to have been inadvertent and shall not constitute a waiver of said privilege or doctrine. The Privileged Material shall be returned by the party receiving the Privileged Material ("Receiving Party") to the Producing Party immediately upon notice by the Producing Party to the Receiving Party of the production of Privileged Material. If through inadvertence Discovery was not marked as "Confidential," a party may notify the other that the designation shall be changed. Once such notice has been received, the Discovery shall be treated in accordance with its new designation; if such Discovery previously was given to a person not entitled to receive it under this Order, it shall be retrieved immediately.

12. Upon final termination of this action, by judgment or otherwise, each person subject to the terms of this Order shall either (a) assemble and return all Confidential Discovery to each party producing such Confidential Discovery, or (b) destroy all Confidential Discovery upon providing the party producing such Confidential Discovery with 30 days' written notice

prior to such destruction. Notwithstanding the foregoing, each party may retain a copy of all motion papers, briefs, memoranda of law, transcripts of court proceedings, other pleadings filed with the Court in this action and written responses to discovery requests. This Order shall continue to apply to the documents retained by any party in accordance with the preceding sentence.

13. This Order shall not affect any party's right to object to the use in this litigation of Discovery on any ground or to use its own documents or other documents lawfully obtained from a third party in any manner permitted by law. Consent to and entry of this Order shall not restrict the right of any party to file an application for an order seeking modification of this Order or further protection.

14. Neither this Order nor the designation of any documentation or information as Confidential shall constitute an admission or acknowledgment by any party that any such documentation or information is, in fact, confidential, proprietary, or otherwise protectable. The fact that information or documentation has been designated Confidential shall in no way prejudice the right of any party to contest the confidential or proprietary nature of any documentation or information, at the time of trial or otherwise.

15. The Court shall determine at the time of trial what legend, if any, shall be permitted to appear on exhibits to be shown to the jury entered in evidence.

16. This Order shall not prejudice or affect any party's right to object to the authenticity or admissibility of any evidence at the time of trial.

17. Third parties can avail themselves of the protection of this Order to maintain the confidentiality of documents containing sensitive or proprietary business or financial information

by executing a duplicate of this stipulation and serving a copy thereof on all counsel of record and thereafter producing documents in response to a subpoena in accordance with this Order.

18. This Order shall become binding upon the Parties to this Order immediately upon its being lodged or filed with the Court in this action and shall remain in effect following the termination of this litigation absent an order of this Court to the contrary.

19. Each party shall promptly after receipt of notice of the lodging or filing of this Order produce Confidential Discovery previously withheld from production on that basis.

IT IS SO ORDERED.

Dated this _____ day of January, 2008.

                                                **MARY PAT THYNGE**
                                                **UNITED STATES MAGISTRATE JUDGE**

AGREED TO:

POTTER ANDERSON & CORROON, LLP

By: *Sarah DiLuzio*

Kathleen Furey McDonough (DE #2395)
Sarah E. DiLuzio (DE #4085)
1313 N. Market Street
P.O. Box 951
Wilmington, DE  19899-0951
Phone: (302) 984-6000
Fax:
kmcdonough@potteranderson.com
sdiluzio@potteranderson.com

*Attorneys for Plaintiff Delaware State University Housing Foundation*

AGREED TO:

WOMBLE CARLYLE SANDRIDGE & RICE, PLLC

By: /s/  Anna Martina Tyreus

Gerard M. O'Rourke (DE #3265)
Anna Martina Tyreus (DE # 4771)
222 Delaware Avenue, 15th Floor
Wilmington, DE 19801
Phone: (302) 252-4320
Fax: (302) 252-4330
gorourke@wcsr.com
mtyreus@wcsr.com

Robert R. Ambler, Jr. (GA #014462)
John G. Perry (GA#141609)
WOMBLE CARLYLE SANDRIDGE & RICE, PLLC
One Atlantic Center, Suite 3500
1201 West Peachtree Street
Atlanta, Georgia 30309
Phone: (404) 872-7000
Fax: (404) 888-7490
rambler@wcsr.com
joperry@wcsr.com

*Attorneys for Defendant Ambling Management Company*

## EXHIBIT A

## ACKNOWLEDGMENT AND CONSENT TO JURISDICTION

I, _____, acknowledge that I have been given a copy of and have read the Protective Order Regarding Confidentiality (hereafter, the "*Order*") in *Delaware State University Housing Foundation v. Ambling Management Company*, and I agree to be bound by its terms.

I consent to the jurisdiction of the United States District Court for the District of Delaware solely for the purpose of enforcing the Order and penalizing violations thereof.

EXECUTED this _____ day of _____, 2008.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

_____
Signature

**EXHIBIT B**

**ACKNOWLEDGMENT AND CONSENT TO JURISDICTION**
(Experts and Consultants)

I, _____, acknowledge that I have been given a copy of and have read the Protective Order Regarding Confidentiality (hereafter, the "*Order*") in *Delaware State University Housing Foundation v. Ambling Management Company*, and I agree to be bound by its terms. I have been retained by _____ in this matter and otherwise am not employed by or affiliated with any party or any competitor of any party to this litigation.

I acknowledge and agree that any documents received by me in connection with this matter, including without limitation, those marked "CONFIDENTIAL" or "CONFIDENTIAL INFORMATION COUNSEL ONLY" (hereafter, "Confidential"), and any copies, excerpts, summaries and abstracts of such documents, shall not be disclosed to or discussed with anyone except as expressly provided in the Order.

I further acknowledge and agree that all documents received or prepared by me in connection with this matter, including without limitation, documents marked Confidential, shall be used only in the prosecution or defense, including any appeal, of this matter, and shall be returned to counsel with whom I have consulted upon request or at the conclusion of the case.

I consent to the jurisdiction of the United States District Court for the District of Delaware solely for the purpose of enforcing the Order and penalizing violations thereof.

EXECUTED this _____ day of _____, 2008.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

_____
Signature