**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| DELAWARE STATE UNIVERSITY STUDENT HOUSING FOUNDATION, a Delaware Corporation, | ) ) ) ) | |
| Plaintiff, | ) ) | C.A. NO. 07-610 (JJF) |
| v. | ) ) | JURY TRIAL DEMANDED |
| AMBLING MANAGEMENT COMPANY, | ) ) | |
| Defendant. | ) ) | |

**DEFENDANT AMBLING MANAGEMENT COMPANY'S
NOTICE OF SUBPOENA ISSUED TO ENVIRONMENTAL TESTING, INC.**

PLEASE TAKE NOTICE that, pursuant to Rule 45 of the Federal Rules of Civil Procedure, the defendant, Ambling Management Company, has issued a subpoena to Environmental Testing, Inc. ("ETI"), commanding it to appear for deposition on May 30, 2008, at the office of Womble Carlyle Sandridge & Rice, PLLC, 222 Delaware Ave., Suite 1500, Wilmington, Delaware 19801, and to produce all documents on the Exhibit A to the Subpoena Duces Tecum. A true and accurate copy of the Subpoena Duces Tecum to ETI and attachment is attached hereto as Exhibit A.

                                              **WOMBLE CARLYLE SANDRIDGE & RICE, PLLC**
                                              *A Professional Limited Liability Company*

Dated: May 16, 2008        By:    /s/ AnnaMartina Tyreus
                                                Gerard M. O'Rourke (DE #3265)
                                                Anna Martina Tyreus (DE # 4771)
                                                222 Delaware Avenue, 15th Floor
                                                Wilmington, DE 19801
                                                Main Number: (302) 252-4320
                                                Main Fax: (302) 252-4330
                                                gorourke@wcsr.com
                                                mtyreus@wcsr.com

WCSR 3896875v1

Robert R. Ambler, Jr. (GA #014462)
John G. Perry (GA#141609)
**WOMBLE CARLYLE SANDRIDGE & RICE, PLLC**
One Atlantic Center, Suite 3500
1201 West Peachtree Street
Atlanta, Georgia 30309
Phone: (404) 872-7000
Fax: (404) 888-7490
rambler@wcsr.com
joperry@wcsr.com

*Attorneys for Ambling Management Company*

**CERTIFICATE OF SERVICE**

    The undersigned hereby certifies that a true and correct copy of the within and foregoing has been served upon counsel of record via U.S. mail to:

    Kathleen Furey McDonough
    Sarah E. DiLuzio
    Potter Anderson & Corroon, LLP
    1313 N. Market Street
    P.O. Box 951
    Wilmington, DE 19899-0951
    (302)984-6000

This 16th day of May, 2008.

    /s/ AnnaMartina Tyreus
    Anna Martina Tyreus (DE # 4771)

# EXHIBIT A

Issued by the

# UNITED STATES DISTRICT COURT

DISTRICT OF DELAWARE

| | |
|---|---|
| DELAWARE STATE UNIVERSITY STUDENT HOUSING FOUNDATION, a Delaware Corporation,<br><br>Plaintiff,<br><br>v.<br><br>AMBLING MANAGEMENT COMPANY,<br><br>Defendant. | **SUBPOENA IN A CIVIL CASE**<br><br>Case Number:[1] C.A. NO. 07-610 (JJF) |

TO:  Environmental Testing, Inc.
c/o Gary A. Hayes, Registered Agent
100 South Cass Street
P. O. Box 138
Middletown, Delaware 19709

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Womble Carlyle Sandridge & Rice, PLLC<br>222 Delaware Ave.<br>Suite 1500<br>Wilmington, Delaware 19801 | May 30, 2008 at 10:00 a.m. |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects): **See Exhibit "A" attached hereto**

| PLACE | DATE AND TIME |
|---|---|
| Womble Carlyle Sandridge & Rice, PLLC<br>222 Delaware Ave.<br>Suite 1500<br>Wilmington, Delaware 19801 | May 30, 2008 at 10:00 a.m. |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)<br>*/s/* John G. Perry, Attorney for Defendant | DATE<br>May 16, 2008 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Womble Carlyle Sandridge & Rice PLLC, 1201 West Peachtree Street, Suite 3500,
Atlanta, Georgia 30309    Phone: (404) 879-2441  Fax: (404) 879-2941

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

---

[1] If action is pending in district other than district of issuance, state district under case number.

## PROOF OF SERVICE

| DATE | PLACE |
|------|-------|
|      |       |

SERVED

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|------------------------|-------------------|

| SERVED BY (PRINT NAME) | TITLE |
|------------------------|-------|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in branch of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this role, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to recur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## DEFINITIONS

As used in Exhibit A and B, the terms listed below are defined as follows:

1. Whenever the terms "ETI," "you" and "your" are used, they shall refer to Environmental Testing, Inc. or any employee, agent, attorney or representative of Environmental Testing, Inc.

2. "Foundation" shall refer to Delaware State University Student Housing Foundation, Inc. or any subsidiary, parent, affiliate, predecessor, employee, agent, attorney, or representative of Delaware State University Student Housing Foundation.

3. "DSU" shall refer to Delaware State University or any subsidiary, parent, affiliate, predecessor, employee, agent, attorney, or representative of Delaware State University.

4. "DSU Properties" shall refer collectively to any student housing property on the campus of Delaware State University, including the University Courtyard Apartments and the University Village.

5. "Person" shall mean and include natural persons, corporations, partnerships, associations, joint ventures, proprietorships, entities, associations and all other forms of organizations.

6. "Document," as used herein, is defined in the broadest sense permitted by the Federal Rules of Civil Procedure and means the embodiment, in any form, of any attempt, by any means, to utilize, memorialize or communicate thoughts or information. As used herein, the term "document" shall mean every writing or record of every type or description that is, or has been, in the possession, custody or control of ETI, or of which ETI has knowledge, including, without limitation, the original and all copies (regardless of origin or location) of any writings, notes, correspondence, communications of any nature, electronic mail, facsimiles, telegrams, memoranda, summaries or records of personal conversations, diaries, reports, calendars,

drawings, photographs, sketches, minutes or records of minutes, agreements, summaries of negotiations, brochures, pamphlets, advertisements, circulars, press releases, newspaper articles, tapes or recordings of any form, drafts of any documents, revisions of any drafts of documents, and printed matter of every kind of description, including all information in computers, in computer readable form or on microfilm or microfiche.

The within document requests are specifically intended to include electronic data files, documents, records, etc. Thus the word "document" used herein is to be construed broadly enough to encompass computer files, for example, a letter or memorandum that is prepared using Microsoft Word software and resides in electronic form as a "*.doc" file in addition to whatever version it may also take in paper form.

7. "Communication" means any written or oral transmission of fact, information or opinion, including but not limited to any utterance, notation, statement of any nature whatsoever, or document as defined above. "Communication" is to be construed broadly enough to encompass written communications on paper, such as letters and memos, as well as electronic communications such as faxes, e-mails, and recorded voicemails.

8. Unless the individually enumerated requests below specifically provide for a different time scope for responsive documents, the requests should be construed as being limited in scope to documents that are generated, created, or modified on or after January 1, 2005.

9. As used herein, "any" shall mean any and all, "all" shall likewise mean any and all, and "or" shall mean "and" as well as "or."

## EXHIBIT A

## DOCUMENTS

1. Copies of any and all communications, documents, statements, invoices, data, reports, notes, drawings, diagrams, calculations, schedules, charts or other tangible things prepared by, or provided to, you regarding any opinion, investigation, study, report, or evaluation concerning the DSU Properties.

2. Copies of any and all communications, documents, statements, invoices, data, reports, notes, drawings, diagrams, calculations, schedules, charts or other tangible things reviewed or relied upon by you regarding any opinion, investigation, study, report, or evaluation concerning the DSU Properties.

3. Copies of any and all communications between ETI and (a) DSU or (b) the Foundation regarding any of the DSU Properties.

4. Copies of any and all communications or documents regarding the litigation between the Foundation and Ambling Management Company currently pending in the United States District Court for the District of Delaware, Civil Action File No. 07-610.