## Issued by the

# UNITED STATES DISTRICT COURT

## DISTRICT OF DELAWARE

| | |
|---|---|
| DELAWARE STATE UNIVERSITY STUDENT HOUSING FOUNDATION, a Delaware Corporation,<br><br>Plaintiff,<br><br>v.<br><br>AMBLING MANAGEMENT COMPANY,<br><br>Defendant. | **SUBPOENA IN A CIVIL CASE**<br><br>Case Number:[1] C.A. NO. 07-610 (JJF) |

TO:  Delaware State University
    Attn: Mr. Marc Farley, Office of Human Resources and Legal Affairs
    1200 North Dupont Highway
    Dover, DE 19901

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Womble Carlyle Sandridge & Rice, PLLC<br>222 Delaware Ave.<br>Suite 1500<br>Wilmington, Delaware 19801 | July 18, 2008 at 10:00 a.m. |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects): **See Exhibit "A" attached hereto**

| PLACE | DATE AND TIME |
|---|---|
| Womble Carlyle Sandridge & Rice, PLLC<br>222 Delaware Ave.<br>Suite 1500<br>Wilmington, Delaware 19801 | July 18, 2008 at 10:00 a.m. |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

    Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)<br><br>*[signature]*   John G. Perry, Attorney for Defendant | DATE<br><br>July 8, 2008 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
    Womble Carlyle Sandridge & Rice PLLC, 1201 West Peachtree Street, Suite 3500,
    Atlanta, Georgia 30309    Phone: (404) 879-2441  Fax: (404) 879-2941

(See Rule 45, Federal Rules of Civil Procedure. Parts C & D on next page)

---

[1] If action is pending in district other than district of issuance, state district under case number.

| PROOF OF SERVICE | |
|---|---|
| **SERVED** DATE | PLACE |
| 7/8/08 | 1200 N. DUPONT HWY DOVER, DE |
| SERVED ON (Print Name) | MANNER OF SERVICE |
| | ACCEPTED BY |
| DELAWARE STATE UNIVERSITY HR & LEGAL | JACK WARREN |
| SERVED BY (Print Name) | TITLE |
| GRANVILLE MORRIS | **Private Process Server** |

## DECLARATION OF SERVER

I declare under penalty of perjury under the law of the State of Delaware that the foregoing information contained in the Proof of Service is true and correct.

**Executed on:** 7/8/08

SIGNATURE OF SERVER
BRANDYWINE PROCESS SERVERS, LTD.
P. O. BOX 1360
WILMINGTON, DE 19899-1360
(302) 475 - 2600

Superior Court Civil Rule 45, Parts C, D & E*

*(c) Protection of Persons subject to Subpoenas*

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing under burden or expense on a person subject to that subpoena. The Curt shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.
  (B) Subject to paragraph (d)(2) of this rule a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the Court. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the Court shall quash or modify the subpoena if it
  (i) fails to allow reasonable time for compliance,
  (ii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
  (iii) subjects a person to undue burden.

(B) If a subpoena
  (i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
  (ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party,

the Court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the Court may order appearance or production only upon specified conditions.

(d) *Duties in Responding to Subpoena.*

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.
(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(e) *Contempt.*

Failure by any person without adequate excuse to obey a subpoena served upon that person may be deemed contempt of court.

## **DEFINITIONS**

As used in Exhibit A and B, the terms listed below are defined as follows:

1.  Whenever the terms "DSU," "you" and "your" are used, they shall refer to the Delaware State University, or any employee, agent, attorney or representative of the Delaware State University.

2.  "Foundation" shall refer to Delaware State University Student Housing Foundation, Inc. or any subsidiary, parent, affiliate, predecessor, employee, agent, attorney, or representative of Delaware State University Student Housing Foundation.

3.  "DSU Properties" shall refer collectively to any student housing property on the campus of Delaware State University, including the University Courtyard Apartments and the University Village.

4.  "AMC" shall refer to Ambling Management Company or any subsidiary, parent, affiliate, predecessor, employee, agent, attorney, or representative of Ambling Management Company.

5.  "Person" shall mean and include natural persons, corporations, partnerships, associations, joint ventures, proprietorships, entities, associations and all other forms of organizations.

6.  "Document," as used herein, is defined in the broadest sense permitted by the Federal Rules of Civil Procedure and means the embodiment, in any form, of any attempt, by any means, to utilize, memorialize or communicate thoughts or information. As used herein, the term "document" shall mean every writing or record of every type or description that is, or has been, in the possession, custody or control of DSUPD, or of which DSUPD has knowledge, including, without limitation, the original and all copies (regardless of origin or location) of any writings, notes, correspondence, communications of any nature, electronic mail, facsimiles,

telegrams, memoranda, summaries or records of personal conversations, diaries, reports, calendars, drawings, photographs, sketches, minutes or records of minutes, agreements, summaries of negotiations, brochures, pamphlets, advertisements, circulars, press releases, newspaper articles, tapes or recordings of any form, drafts of any documents, revisions of any drafts of documents, and printed matter of every kind of description, including all information in computers, in computer readable form or on microfilm or microfiche.

The within document requests are specifically intended to include electronic data files, documents, records, etc. Thus the word "document" used herein is to be construed broadly enough to encompass computer files, for example, a letter or memorandum that is prepared using Microsoft Word software and resides in electronic form as a "*.doc" file in addition to whatever version it may also take in paper form.

7. "Communication" means any written or oral transmission of fact, information or opinion, including but not limited to any utterance, notation, statement of any nature whatsoever, or document as defined above. "Communication" is to be construed broadly enough to encompass written communications on paper, such as letters and memos, as well as electronic communications such as faxes, e-mails, and recorded voicemails.

8. Unless the individually enumerated requests below specifically provide for a different time scope for responsive documents, the requests should be construed as being limited in scope to documents that are generated, created, or modified on or after January 1, 2005.

9. As used herein, "any" shall mean any and all, "all" shall likewise mean any and all, and "or" shall mean "and" as well as "or."

# EXHIBIT A

## DOCUMENTS

1.  Produce any and all correspondence and/or communications between DSU and AMC from September 2005 through the present.

2.  Produce any and all documents, communications, memoranda, correspondence, statements, reports, or notes regarding the management of the DSU Properties from September 2005 through the present.

3.  Produce any and all documents, communications, memoranda, correspondence, statements, reports, or notes regarding security issues at the DSU Properties from September 2005 through the present.

4.  Produce any and all documents, communications, memoranda, correspondence, statements, reports, or notes regarding maintenance issues at the DSU Properties from September 2005 through the present.

5.  Produce any and all documents, communications, memoranda, correspondence, statements, reports, or notes regarding safety issues at the DSU Properties from September 2005 through the present.

6.  Produce any and all documents relating to or referring to or evidencing each and every inspection of the DSU Properties conducted by representatives of the Foundation, its predecessor and/or DSU from the year 2000 through the present, including any and all Notices of Inspection given to AMC.

7.  Produce any and all documents, communications, notes, pictures, or any other documents related to, referring to, or referencing the inspection conducted by representatives of the Foundation and/or DSU in early August 2007.

8. Produce any and all documents, notes, pictures, or other documents related to, referencing, or evidencing the inspection conducted by the Foundation and/or DSU personnel on September 5, 2007.

9. Produce any and all documents relating to, referring to, or evidencing any and all repairs made to the DSU properties since September 1, 2007.

10. Produce any and all documents relating to, referring to or evidencing the hiring by the Foundation or DSU of contractors or other third parties to prepare, and/or repair, the units located on the DSU properties for re-leasing during the Spring and Summer of 2007.

11. Produce any and all documents relating to, referring to or evidencing the hiring by the Foundation or DSU of Amakor, Inc.

12. Produce any and all documents relating to, referring to, or evidencing services performed by Amakor, Inc. for DSU or the Foundation relating to the DSU Properties.

13. Produce any and all documents relating to, referring to, or evidencing DSU's policies regarding pets, unauthorized guests, alcohol, or illegal drugs on the premises of DSU student housing facilities and/or dormitories.

14. Produce any and all documents relating to, referring to, or evidencing capital improvements made to DSU traditional student housing facilities and/or dormitories from 2004 through the present, including but not limited to painting, replacement of carpet or furnishings, and general repairs.

15. To the extent not produced in response to any previous request, produce any and all documents, data, compilations, notes, emails, letters, faxes or other documents in the possession, custody or control of DSU that are relevant to the allegations contained in the Foundation's Complaint.